ORSON COLLINS, RESPONDENT, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY,
APPELLANT.

*Contributory negligence — in case of injuries to property.*

A railroad company has a right to use fuel in ordinary use for the purposes to which it puts it, and it is not guilty of negligence in so doing, unless such fuel is of a dangerous or hazardous quality.

Where one's property is exposed to risk or injury from or by reason of its loca-tion, as where it is situated in a position of constant exposure to fire, on the side of a railroad, the owner must use such care as prudence would dictate in view of the unavoidable perils to which it is exposed.

The plaintiff was accustomed to stable his horses in a barn situated within about two feet of the fence beside defendant's road; the bedding and manure of the horses were thrown out of a window in the barn near the track, and allowed to accumulate during a hot, dry season, from the spring until July twenty-fifth, on which day it was set on fire by a spark from one of defendant's loco-motives. *Held*, that the evidence of contributory negligence on the part of the plaintiff was sufficient to require the question to be submitted to the jury.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order of Special Term denying a motion for a new trial, made upon a case and exceptions. The plaintiff was accustomed to stable his horses in a barn situated within about two feet of the fence beside defendant's road; the bedding and manure of the horses were thrown out of a window in the barn near the track, and allowed to accumulate during a hot, dry season, from the spring until July twenty-fifth, on which day it was set on fire by a spark from one of defendant's locomotives.

*James M. Willett,* for the appellant.

*J. H. White,* for the respondent.

E. DARWIN SMITH, P. J.:

The Circuit judge, having said in his charge to the jury, that if one·kind of fuel was more dangerous than another, if the defendant could obtain it in the market, it was their duty to see that they used a proper kind of coal, was requested by the defendant, ·at the close of his charge, to charge the jury that if the engine was furnished with the proper appliances to prevent the escape of sparks, and they were kept in order, the defendant was not required to use the very best quality of fuel that could be obtained. The Circuit judge in response to such request said: "I have not said that they were bound to use the best quality. I said if the jury was satisfied that one kind was less dangerous than another, and they could obtain it in the market, they should use the fuel that was less dangerous." The counsel for the defendant duly excepted to this charge and refusal, and further asked the court to charge the jury, that the defendant was not liable for using an inferior quality of fuel, unless it was of a known dangerous and hazardous character, and the Circuit judge replied: "I so charge." The objection to the charge, as originally made, and as contained in the response to the first request, I think is obviated by this final charge on this point. It should be regarded, as it is, a modification of the original charge, and of the answer to such request. The defendant had the clear right to use the fuel in ordinary use, whether it was wood or coal, and no charge of negligence could be

predicated of the use of such fuel, or any kind of fuel, unless such fuel was known to be of a dangerous and hazardous quality. The judge in effect charged on this point finally, as the defendant's counsel requested and virtually assumed in such request the rule of law to be. The counsel for the defendant also asked the court to charge the jury, that if the plaintiff was negligent, and such negligence contributed to the injury, he could not recover. The Circuit judge said, in response to this request, that he would charge that there was no evidence that the plaintiff was negligent. He charged that there was no evidence that he was using this property in such a way as to bar him from recovering, if the defendant was negligent. The defendant's counsel excepted to this charge and refusal, and then asked the court to charge, that " if the plaintiff placed dry and combustible material outside of his barn, and allowed it to remain in an exposed situation, knowing that he thereby increased the liability of fire taking from sparks escaping from passing engines, then the jury may find that he was negligent in that respect, and if such negligence contributed to the injury he cannot recover." The court refused so to charge, and the defendant's counsel duly excepted.

It seems to me quite clear that the learned judge erred in refusing to charge as requested in respect to both of said requests, and that both these exceptions are well taken. There certainly was evidence proper for the consideration of the jury, on the questions whether the plaintiff was not guilty of great neglect in collecting and leaving combustible materials exposed to fire close by the defendant's railroad. He testified himself, that the weather at the time of the fire (July 25, 1873), was dry, very dry, and the season had been dry ; that his barn stood within about two feet of the railroad fence on the north side of the road ; that he had been keeping his horses in this barn a year or more ; that his horses stood in the south-west corner of the barn, and the barn was on the northeast side of the railroad track. While keeping his horses in this barn, he threw out his straw on the west side, out of a window. The pile of straw and manure was about eight or ten feet from the south-west corner of the barn, and had been accumulating there ever since spring. It was the accumulated bedding from the horses. There was also hay in the barn. The straw had become

dry, and there was dry and refuse stuff under the barn, which had been there for some time. It appears that a spark from a locomotive fell upon this straw, and the same took fire immediately. The fire was discovered within five minutes after the train passed. There certainly was some evidence for the consideration of the jury in respect to the negligence of the plaintiff. In these cases of negligence, the situation and condition of the persons and property affected, are always proper and necessary parts of the evidence. Negligence is not an abstract, but a relative and mixed, fact or inference, to be deduced from the various elements and circumstances attending all accidents and injuries resulting from misfeasance of some party, and when the question goes to the jury, they are entitled, and are bound, to look at all the surrounding circumstances of the case in forming their conclusion that one party or the other, or both, are guilty of negligence. The refusal of the learned judge at the Circuit to charge as requested in respect to the plaintiff's negligence, was doubtless based upon the assumption or opinion that the same rule, in respect to contributory negligence on the part of the plaintiff, did not apply to cases where the injury was done to property, that applied in cases where the injury was to the person. It is doubtless true that the location of a man's building near a railroad, or some other place where it is exposed to danger from fire, cannot be alleged as a matter of negligence, and if it be so located, it would be no excuse as against trespassers or wrong-doers, as held in *Cook* v. *The Transportation Company* (1 Denio, 100). But I think the rule is well settled, that one whose property is exposed to risk or injury from or by reason of its location, as where it is situated in a position of constant exposure to fire on the side of a railroad, must use such care as prudence would dictate in view of the unavoidable perils to which it is subject. What shall constitute such negligence in this class of cases as to preclude a plaintiff from a recovery on the ground that his own negligence contributed to the injury, is a question for the jury when it arises. In the case of *Cook* v. *The Transportation Company* (*supra*), Judge BEARDLEY calls it culpable negligence. In *Ross* v. *Boston and Worcester R. R. Co.* (6 Allen, 92), it was said : " That as the case stood before the jury, it was proper to be submitted to practical men having all the facts before them." In *Smith* v. *H.*

*and St. Joe. R. R. Co.* (37 Missouri, 287), it is said that it was a question for the jury, whether there was any negligence on the part of the plaintiff which materially contributed to the damages. The same rule is asserted in *The Illinois Cent. R. R. Co.* v. *Nuse* (57 Ill., 78); and in *The Ohio and Miss. R. R. Co.* v. *Shufelt* (47 id., 497), and· in the case of *Fero* v. *Buffalo and State Line R. R. Co.* (22 N. Y., 210). The question of the plaintiff's negligence, in exposing his building to take fire from the sparks emitted from a locomotive, by leaving open the door of an unfinished building, which was used as a shop for joiners employed in said building, where shavings were lying about upon the floor which were ignited by such sparks, was left by the Circuit judge to the jury, in which he charged, that " the plaintiff was bound to use such care in protecting his premises, as a man of ordinary prudence would have employed under the circumstances, and if, through his neglect, or that of his employes, his house was consumed, or if such neglect on his part concurred with negligence on the part of the defendant in producing the result, the plaintiff could not recover." This charge was approved by the Court of Appeals in this case, and of the submission of the question to the jury.

For the refusal of the Circuit judge to submit this question to the jury as requested, I think the judgment should be reversed, and a new trial granted, with costs to abide the event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment and order reversed, and new trial granted, costs to abide event.